COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-148-CR

 

 

DAVID FERNANDEZ                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant David Fernandez
rejected a plea bargain offer of eight years= confinement and entered an open plea of guilty to felony driving
while intoxicated and a plea of true to the enhancement paragraph on
punishment.  After a trial on punishment,
the jury assessed his punishment at fifteen years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  The trial court
sentenced him accordingly.  Appellant did
not file a motion for new trial.  In one
point, Appellant contends that his trial counsel committed ineffective
assistance by not timely discovering that two grand juries were empaneled
during the term in which he was indicted and by not timely discovering that the
court reporter had mistakenly sent an exhibit not admitted into evidence back
to the jury room for punishment deliberations. 
Because we hold that Appellant has not met his burden of proving
ineffective assistance, we affirm the trial court=s judgment.








We cannot consider the
affidavit of Appellant=s counsel
attached to the brief because it was not filed below and is therefore not a
part of the appellate record.[2]  Appellant initially appears to contend that
had he known that the person who signed his indictment was in fact the foreman
of the grand jury who heard his case, he might not have rejected the plea offer
of eight years=
confinement.  Nothing in the record
supports this speculation.  Similarly,
Appellant=s complaint
that the jury reviewed an exhibit that was not admitted into evidence is not
supported by the record.  Accordingly, based
upon the appropriate standard of review,[3]
we overrule Appellant=s sole point
and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT,
LIVINGSTON, and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
February 8, 2007

 











[1]See Tex. R.
App. P. 47.4.





[2]See Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim.
App. 2004); see also Tex. R. App.
P. 34.1.





[3]See Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett
v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review
for ineffective assistance claims).